UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL PHAN,                                           CASE NO.:
       Plaintiff,

vs.

PORTFOLIO RECOVERY ASSOCIATES, LLC.
       Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL PHAN [hereinafter Plaintiff], by and through undersigned counsel sues Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC [hereinafter Defendant], and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §§ 1331. *Mims v. Arrow Financial Services, LLC,* 132 S. Ct. 740(2012); *Mims v. Arrow Financial Services, LLC,* 2012 U.S. LEXIS 906(2012). Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

### PARTIES

2. Plaintiff is a natural person who resides in Duval County, Florida.

4. Defendant, Portfolio Recovery Associates, LLC is a corporation and citizen of the State of Virginia with its principal place of business at 120 Corporate Boulevard, Norfolk, Virginia 23502.

### FACTS COMMON TO ALL COUNTS

5. On or about February 2013, Defendant, or another party acting on its behalf,

placed a call and left a message using an automatic telephone dialing system or an artificial or pre-recorded voice on Plaintiff's cellular telephone.

6. As of the date of this complaint, Defendant, or another party acting on its behalf, has continued to continuously place other telephone calls using an automatic telephone dialing system or an artificial or pre-recorded voice to place other telephone calls and leave messages on Plaintiff's cellular telephone.

7. Each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C. §227(a)(1) to Plaintiff's cellular telephone.

8. Each call the Defendant made to the Plaintiff's cellular phone was done so without the "express permission" of the Plaintiff.

9. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

10. None of Defendant's calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227 (b)(1)(A).

11. Defendant willingly or knowingly violated the TCPA.

**COUNT ONE:  VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT**

Plaintiff re-alleges paragraphs five (5) through eleven (11) as if fully restated herein and further state as follows:

12. Defendant, or others acting on its behalf, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or

artificial voice in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

13. The Federal Communications Commission has held: a creditor on whose behalf an autodialed or pre-recorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." FCC, IN THE MATTER OF RULES AND REGULATIONS IMPLEMENTING THE TELEPHONE CONSUMER PROTECTION ACT OF 119: REQUEST OF ACA INTERNATIONAL FOR CLARIFICATION AND DECLARATORY RULE, 07-232M ¶10, (2007), ("FCC RUL. 07-232")

WHEREFORE, Plaintiff demand judgment against Defendant for damages, attorney's fees, costs, interest, and such other relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

MAX STORY, P.A.

_____
MAX STORY, ESQ.
Florida Bar No. 527238
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL  32250
Telephone: (904) 372-4109
max@maxstorylaw.com
Attorney for Plaintiff